# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**JERMAINE J. LOVETT,**

**Defendant.**                              No. 07-30099-DRH

## ORDER

**HERNDON, Chief Judge:**

Now before the Court is Lovett's *pro se* motion to compel Government to file a promised Rule 35(b) (Doc. 201). Lovett contends that because he rendered substantial assistance that led to the prosecution of others the Government should be compelled to file a Rule 35(b) motion on his behalf. Based on the following, the Court dismisses for want of jurisdiction Lovett's motion.

**Federal Criminal Rule 35(b)(2)** provides:

Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
(A) information not known to the defendant until one year or more after sentencing;
(B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing;
or
(C) information the usefulness of which could not reasonably have been anticipated by defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was

reasonably apparent to the defendant.

"The purpose of Rule 35(b)(2) is to facilitate law enforcement by enabling the government to elicit valuable assistance from a criminal defendant more than a year after he was sentenced by asking the sentencing judge to reduce the defendant's sentence as compensation for the assistance that he provided. (Rule 35(b)(1) permits a similar motion to be made within a year after sentencing, but defines eligible assistance more broadly than Rule 35(b)(2) does.)" **United States v. Shelby, 584 F.3d 743, 745 (7th Cir. 2009)**.

"Rule 35 ... confers an entitlement on the government rather than on the defendant; ..." *Id.* "The government does not *have* to reward criminals who cooperate with a lighter sentence, *Wade v. United States, supra*, 504 U.S. at 185, 112 S.Ct. 1840, and since it doesn't have to, it can bargain with them, seeking concessions that need only be rationally related to some legitimate governmental end." **United States v. Richardson, 558 F.3d 680, 682 (7th Cir. 2009)**.

Here, the plea agreement between Lovett and the Government states in part:

> Defendant and the Government agree that based upon substantial assistance rendered through the complete and total cooperation of Defendant, the Government may, in the sole discretion of the United States Attorney, file either a motion under § 5K1.1 of the Sentencing Guidelines or a motion under Rule 35 of the Federal Rules of Criminal Procedure advising the Court of a recommended reduction in sentence. The Motion, if any, will <u>only</u> be filed if the assistance rendered by the Defendant is found to be complete and <u>thoroughly truthful</u>, regardless of the outcome of any trial or hearing at which the Defendant may testify. <u>The Defendant understands that any reduction of sentence, and</u>

<u>the extent of that reduction, lies in the discretion of the Court.</u>

(Doc. 91, ¶ 11).  Clearly, the discretion as to what constitutes substantial assistance and when to file the motion lies with the Government.  **United States v. Emerson, 349 F.3d 986, 988 (7th Cir. 2003)("By the nature of the plea agreement, the government must make a judgment call as to whether 'substantial assistance' has been rendered."**  Here, Lovett simply argues that he and his mother, Linda Lovett, cooperated with the government and assisted in the prosecution of his co-defendant Isaiah Gregory.  He does not argue that the Government's refusal to not file the motion is based on religious or racial grounds or that the decision is not rationally related to any legitimate government end.  Thus, the Court dismisses for lack of jurisdiction Lovett's motion to compel Government to file a promise Rule 35(b) (Doc. 201).

**IT IS SO ORDERED.**

Signed this 2nd day of March, 2011.

David R. Herndon
2011.03.02 14:01:07
-06'00'

**Chief Judge**
**United States District Court**