IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JERMAINE LOVETT,

Defendant.                                              No. 07-CR-30099-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On May 15, 2009, the Court sentenced Lovett to 188 months imprisonment (Doc. 125) and the Clerk of the Court entered Judgment reflecting the same (Doc. 128). On January 12, 2012, Lovett, pro se, filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 750 (Doc. 203). The Court appointed counsel to represent Lovett on the issue of a sentencing reduction in light of the amendments to the United States Sentencing Guidelines, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 235). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Lovett an

opportunity to respond to the motion to withdraw; which he did so on April 14, 2013 (Doc. 244).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Lovett *is* not entitled to a reduction in his sentence. At Lovett's sentencing, the Court determined his relevant conduct to be 1.25 kilograms of cocaine base, which resulted in a base offense level of 34. Under the Fair Sentencing Act and Amendment 750, the base offense for 1.25 kilograms of cocaine base is still a

level 34. See U.S.S.G. §2D1.1(c)(3).[1] Therefore, the guidelines range applicable to Lovett's relevant conduct has not changed and Lovett is not entitled to a reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 231) and **DISMISSES for lack of jurisdiction** Lovett's motion for a sentence reduction (Doc. 203).

**IT IS SO ORDERED.**

Signed this 24th day of April, 2013.

David R. Herndon
2013.04.24
15:48:42 -05'00'

**Chief Judge**
**United States District Court**

---

[1] The new range for base offense level 34 is 840 grams to 2.8 kilograms of cocaine base.