IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JERMAINE LOVETT,

Defendant.                                                  No. 07-CR-30099-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Jermaine Lovett's motion for correction of presentence report pursuant to Federal Rule of Criminal Procedure 32(Doc. 256). Based on the following, the Court dismiss for want of jurisdiction Lovett's motion.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 7 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33

motion for new trial based on other grounds must be brought within 7 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Lovett does not cite to any case law or statute which *allows* the Court to consider his motion. Rule 35 is inapplicable because the motion is brought over four years *after* the sentencing and Judgment (May 15, 2009) and the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 7 days of the verdict to be timely to be brought based on other reasons. Therefore, the only other possible procedural avenue that Lovett could bring this motion is a § 2255 collateral attack. Based on the case law, the Court must treat a post-judgment motion as a collateral attack if it meets the description of § 2255. *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000). However, Lovett has filed a 28 U.S.C. § 2255 petition which the Court denied and dismissed with prejudice. *See Lovett v. United States*, 10-503-DRH. In as much as this is a successive §2255 petition, Lovett must seek approval with the Seventh Circuit Court of Appeals to file such a petition.

Because the Court finds that Lovett's motion does not fall under any of the exceptions authorized by statute or rule, the Court lacks jurisdiction to entertain the motion. Accordingly, the Court dismisses for want of jurisdiction Lovett's

June 3, 2013 motion for correction of presentence report pursuant to Federal Rules of Criminal Procedure 32 (Doc. 256).

**IT IS SO ORDERED.**

Signed this 3rd day of June, 2013.

Digitally signed by David R. Herndon
Date: 2013.06.03 16:19:21 -05'00'

**Chief Judge
United States District Court**